IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON KEITH TOLBERT, Inmate #77111-379, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2627 |
| MEGAN JEAN PAULSON, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Shannon Keith Tolbert (Inmate #77111-379), is presently in custody at the Federal Detention Center in Houston, Texas. Tolbert has filed a Complaint against the defendant, Assistant United States Attorney Megan Jean Paulson, alleging violations of his civil rights in connection with criminal charges that are pending against him in this district. (Docket Entry No. 1) Because Tolbert is incarcerated, the court is required to scrutinize the Complaint and, if appropriate, dismiss the case without service of process if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the court will dismiss this case for the reasons explained below.

## I. Background

Court records reflect that Tolbert is currently confined in the Federal Detention Center while awaiting trial on charges of bank robbery. See United States v. Tolbert, Crim. No. H-14-530 (S.D. Tex.). Paulson is the prosecutor in that case.

According to his Complaint,[1] Tolbert was arrested and charged in state court in connection with the robbery of a bank located in New Waverley, Texas.[2] Tolbert claims that the charges against him in state court were dismissed after the state grand jury declined to indict him.[3] By prosecuting him for the same offense in federal court, Tolbert contends that Paulson "conspired with" an investigating officer (Detective Stephen Cole) to place him in double jeopardy in violation of the Fifth and Fourteenth Amendment.[4] Tolbert contends further that Paulson used "perjured testimony" and "fabricated evidence to obtain a tainted indictment" in the federal criminal case against him in violation of the Fifth and Fourteenth Amendments.[5]

---

[1]Because Tolbert is a federal prisoner suing a federal official, his civil rights complaint is governed by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S. Ct. 1999 (1971).

[2]Complaint, Docket Entry No. 1, p. 5.

[3]Id. at 6-7.

[4]Id. at 4, 8.

[5]Id. at 5, 8.

Tolbert requests injunctive relief in the form of a court order suppressing the evidence against him and dismissing the federal indictment.[6] Tolbert also requests an injunction that would allow him to depose grand jurors associated with the charges against him in state court.[7] In addition, Tolbert seeks a declaratory judgment, $1 million in "general damages," $1 million in "punitive damages," and $1 million in "emotional distress damages" for Paulson's actions in prosecuting the federal criminal case.[8]

## II. Discussion

It is well established that prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. See Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009) (citing Burns v. Reed, 111 S. Ct. 1934 (1991) and Kalina v. Fletcher, 118 S. Ct. 502 (1997)); see also Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case); Hartman v. Moore, 126 S. Ct. 1695, 1704 (2006) (observing that a Bivens action "will not be

---

[6] Id. at 8.

[7] Id. at 9.

[8] Id. at 9.

brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute") (citation omitted); Stark v. Lynch, — F. App'x —, 2015 WL 4648004 (5th Cir. 2015) (affirming that federal prosecutors sued under Bivens are entitled to absolute immunity from the claims against them).

Because the violations alleged in the Complaint stem from actions taken by Paulson during the scope of her duties in initiating and pursuing a criminal prosecution, she is entitled to absolute immunity from Tolbert's Complaint. See Rodriguez v. Lewis, 427 F. App'x 352, 353 (5th Cir. 2011) (citation omitted). Because Paulson is absolutely immune from suit, she is also immune from damages. Id. (citing Disraeli v. Rotunda, 489 F.3d 628, 631 (5th Cir. 2007) (noting that absolute immunity denies all remedies to an individual); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1994) (holding that absolute immunity is also immunity from suit rather than simply a defense against liability)). As a result, the court will dismiss the Complaint as legally frivolous and for seeking monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

### III. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Complaint (Docket Entry No. 1) filed by Shannon Keith Tolbert is **DISMISSED** as frivolous and for seeking monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

2. The dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

3. Officials at the Federal Detention Center shall deduct the filing fee from the inmate trust account belonging to Shannon Keith Tolbert (Inmate #77111-379) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee for indigent litigants ($350.00) has been paid.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties and to (1) the United States Bureau of Prisons, Federal Detention Center, Attn: Legal Department, P.O. Box 526254, 1200 Texas Ave., Houston, Texas 77052-6254; (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List; and (3) Kenneth Magidson, United States Attorney for the Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

**SIGNED** at Houston, Texas, this 15th day of September, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE